**Ray D. NUGENT, Plaintiff–Appellant,**

v.

**LOS ANGELES COUNTY, Defendant,**

and

**Donald Thompson, Defendant–Appellee.**

No. 00–56650.

D.C. No. CV–94–05197–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted April 30, 2001 *.

Decided Oct. 11, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we reject appellant's request for argument.

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

## MEMORANDUM **

Ray Dean Nugent was stopped by Los Angeles County Sheriff Department (LACSD) officers and, because of mistaken identity, arrested pursuant to outstanding warrants against his twin brother, Jay Gene Nugent, who some years before had robbed a bank in Opelosas, Louisiana, shot at local police officers, and fled the jurisdiction. LACSD notified the Opelosas Police Department (OPD) of the arrest and requested information regarding Jay Nugent. OPD Sgt. Thompson responded that the warrants were valid and that Jay Nugent should be held on charges of attempted first degree murder and armed robbery. LACSD, however, requested additional information because Nugent denied that he was the subject of the warrants. Thompson responded by notifying LACSD that they should release Ray Nugent because he is not wanted for the crimes.

Nugent brought this civil rights action against Los Angeles County and several of its employees and against Sgt. Thompson. The California defendants settled; the district court thereafter granted Thompson's motion to dismiss for lack of personal jurisdiction. Nugent argues on appeal that Thompson waived his right to contest jurisdiction and, alternatively, that the district court had specific personal jurisdiction over Thompson. We conclude that Thompson did not waive the defense and that the district court did not err in dismissing for lack of personal jurisdiction. Accordingly, we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

## DISCUSSION

### 1. *Waiver*

Federal Rule of Civil Procedure 12(h)(1) provides that the defense of lack of jurisdiction is waived only "if it is neither made by motion nor included in a responsive pleading ...." The record indicates that Thompson challenged personal jurisdiction in his answer to Nugent's complaint. Accordingly, he complied with Rule 12(h) and preserved the defense. We do not agree with Nugent that Thompson's participation in discovery and conferences prior to filing his motion constituted a waiver of the defense. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir.1998) (noting that defendant's "deliberate, strategic behavior" may cause defense to be deemed waived).

### 2. *Dismissal*

Specific personal jurisdiction may be established by showing "(1) the defendant has performed some act or consummated some transaction within the forum state or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *See Bancroft & Masters, Inc. v. Augusta Nat., Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000). The district court applied this test, concluding that Thompson's two responses to LACSD's inquiries did not constitute purposeful availment because there was no showing that Thompson intentionally directed his actions against plaintiff rather than Jay Nugent. The court also reasoned that the injury to Nugent cannot be attributed to

Thompson's acts of responding to LACSD's inquiries. Finally, the court ruled that it would be unreasonable to permit Thompson to be haled into federal court in California.

We agree with the district court that Thompson did not commit acts sufficient to satisfy the "purposefully availment" standard. As we recently explained in *Lee v. City of Los Angeles,* 250 F.3d 668, 693–95 (9th Cir.2001), only those out-of-state officers who take "deliberate actions" and who are "directly and significantly involved" in an extradition process could be said to have "purposefully availed themselves" such that a district court could exercise personal jurisdiction over them. We do not agree with Nugent that Thompson's actions rise to the level described in *Lee.* Accordingly, we affirm the dismissal.

AFFIRMED.